UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  
Anthony A. Kraydich and  
Patricia E. Kraydich,

       Debtors,

ROBERT HOCK,

       Appellant,

v.

MICHAEL A. STEVENSON,  
Chapter 7 Trustee

       Appellee.  
_____/

CASE NUMBER: 11-12127

HONORABLE VICTORIA A. ROBERTS

Bankruptcy case no: 09-49202-swr

## ORDER

This matter is before the Court on appeal from a bankruptcy court order which (1) reopened a bankruptcy case, (2) revoked abandonment of real property, (3) denied Appellant's objections to the revocation of abandonment, and (4) denied Appellant a stay pending appeal. (Doc. 2, 4).

Appellant bought the debtor's property at a foreclosure sale. He currently has a sheriff's deed to the property. Under Michigan law, this deed is void if the debtor redeems the property as set out by statute. *See* MCL 600.3240. If the debtor redeems, the Appellant receives the amount he paid for the property at auction plus interest. If the debtor does not redeem, Appellant owns the property.

Before the foreclosure sale, the debtor filed for bankruptcy. However, his

bankruptcy case was closed and the property was released from the bankruptcy estate before the foreclosure. Thus, at the time of the foreclosure sale, the debtor had no active or open bankruptcy proceedings, and the property was owned by the debtor, not the bankruptcy estate. However, after the property sold at the foreclosure sale for well below the market value, the trustee asked to reopen the bankruptcy case and pull the property back into the bankruptcy estate. No parties objected, including the debtor or his creditors, except the Appellant. The bankruptcy court overruled Appellant's objections and granted the trustee's request. Appellant challenges these rulings.

Appellant asks the Court for a stay pending appeal so that the property cannot be redeemed and sold by the trustee before the appeal is litigated. For the reasons already stated on the record by the bankruptcy court, the appeal is likely to fail. Therefore, Appellant's motion to stay is **DENIED**.

Moreover, because the Appellant has no standing to bring this appeal, it is **DISMISSED** in its entirety.

Article III standing requires: (1) injury in fact, which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992). Standing is "an indispensable part of the plaintiff's case, [so] each element must be supported in the same way as any other matter on the which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of litigation." *Id.* "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*

Moreover, bankruptcy appellate standing is even "more limited than Article III

standing." *Moran v. LTV Steel Co., Inc.,* 560 F.3d 449, 452-53 (6th Cir. 2009). A party has bankruptcy appellate standing only if "that party is directly and adversely affected pecuniarily by the order." *Id.*

The Court agrees with the bankruptcy court's observation that purchasers of foreclosed properties generally have no standing to challenge a revocation of abandonment, but clarifies that Appellant fails to establish standing because he fails to show the bankruptcy court orders caused him injury.

Although the bankruptcy court reopened the bankruptcy case and returned the property to the bankruptcy estate, Appellant's deed and rights remain the same. The only difference is the trustee can redeem the property instead of the debtor. While Appellant may be correct that the trustee is more likely to redeem the property than the debtor, this does not change the fact that Appellant was aware of the risk of redemption when he bought the property. Appellant is in the same position he was in before the trustee stepped into the shoes of the debtor. No matter who has the right to redeem, Appellant knew redemption was a risk, and, that if it occurred, he would not be able to sell the property to make a profit. Moreover, it is pure speculation that Appellant would make a profit at all if the property is not redeemed. The supposed increased risk that Appellant might not realize a speculative profit is insufficient to show an economic injury that confers standing in this instance.

Appellant fails to carry his burden to show injury; the appeal is dismissed.

**IT IS ORDERED.**


**S/Victoria A. Roberts**
**Victoria A. Roberts**
**Dated:  June 2, 2011**             **United States District Judge**

**The undersigned certifies that a copy of this document was served on the attorneys of record and Bankruptcy Court by electronic means or U.S. Mail on June 2, 2011.**

**s/Carol A. Pinegar**
**Deputy Clerk**